# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**TOMMY D. GLASSMIRE,**

    **Plaintiff,**

**v.**                                                                    **Case No.  8:06-CV-2181-T-30TGW**

**WINDOR SOUTH, INC. and BARBERA
DUVAL,**

    **Defendant.**

_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiffs' Motion for Entry of Final Default Judgment Against Defendant Windor South, Inc. ("Windor") (Dkt. #24).  A copy of the motion was mailed to Defendant Windor at its address of record on September 19, 2007. See Fed. R. Civ. P. 55(b)(2).  There has been no opposition to the motion filed.  See Local Rule 3.01(b). The Court, having considered the motion, rules and statutes applicable thereto, and controlling case law and being otherwise advised in the premises, finds that Defendant's motion should be granted, as set forth below.

Plaintiff initiated this cause of action by filing a complaint for overtime wages pursuant to the Fair Labor Standards Act of 1938, as amended ("FLSA"), in violation of 29 U.S.C. § 207(a)(1), and a state law claim for unpaid wages.  Plaintiff was employed by Defendant Windor from July 31, 2006, through September 28, 2006, as a supervisor of subcontractors pursuant to an oral agreement. Defendant Windor filed an Answer to the complaint on

December 18, 2006 (Dkt. 4), and the Case Management Report was filed on March 5, 2007 (Dkt. 7).

On June 27, 2007, counsel for Defendant Windor filed a motion to withdraw as counsel and requested oral argument on the motion. Following a hearing, this Court granted Defendant Windor's counsel leave to withdraw on July 12, 2007. Defendant Windor was advised that a corporation may appear and be heard **only** through counsel admitted to practice in accordance with Local Rules 2.01 or 2.02 (M.D. Fla. 2007). Defendant Windor was afforded 30 days within which to secure counsel. To date, no notice of appearance has been filed on Defendant Windor's behalf.

On September 19, 2007, Plaintiff filed a motion for entry of a final default judgment based on Defendant Windor's failure to retain counsel. See Fed. R. Civ. P. 55. It is well-settled that the entry of a judgment by default and its counterpart, dismissal, are among the remedies available to facilitate the exercise of the Court's inherent power to manage its affairs. Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir. 1985) (citing Flaksa v. Little River Marine Construction Co., 389 F.2d 885, 887 (5th Cir. 1968)). Failure to obey a court's order constitutes sufficient grounds for a default judgment. See Bonanza Intern., Inc. V. Corceller, 480 F.2d 613, 614 (5th Cir. 1973).[1] The Court finds that Defendant Windor has failed to comply with its July 12, 2007 order. Accordingly, the Court renders judgment by default in favor of Plaintiff and against Defendant Windor.

**Damages**

---

[1] Fifth Circuit cases decided prior to October 1, 1981, are binding precedent in this circuit. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

Plaintiff seeks an award of $1,666.00 for unpaid overtime, liquidated damages of $1,666.00, unpaid wages of $2,000.00 and reimbursement for unpaid expenses of $1,400.00, for a total of $6,732.00. Title 28 U.S.C. § 216(b)[2] is the enforcement provision of the FLSA of 1938, as amended. Section 216 authorizes a private cause of action by an employee against an employer to recover damages, costs, and attorney fees for failure to pay wages owed for services rendered. Section 216 also provides that "[a]ny employer who violates the provisions of . . . section 207 of this title shall be liable to the employee . . . affected in the amount of . . . their unpaid overtime compensation. . . and in an additional equal amount in liquidated damages." 29 U.S.C. § 216(b).

Under the FLSA, Plaintiff is entitled to be paid one and one-half times his regular rate of pay for all hours worked in excess of 40 during a workweek. See 29 U.S.C. § 207(a)(1).[3] Plaintiff avers that he worked for Defendant Windor from July 31, 2006, through September 28, 2006 – a total of 8.8 workweeks. Plaintiff's Aff. ¶ 2. His regular rate of pay was $1,000.00 per week. Id. ¶ 4. While he did not keep records of his hours worked, Plaintiff's "good faith estimate is that he averaged 20 hours of overtime a week . . . and did not receive one-half times [his] regular rate of . . . pay . . . for all hours worked over 40 per week." Id. ¶ 5. Plaintiff further avers that he is "owed 200 hours of unpaid overtime." Id.

---

[2]In Alden v. Maine, 527 U.S. 706 (1999), the United States Supreme Court held 29 U.S.C. § 216(b) unconstitutional insofar as it authorized a state to be sued by a state employee in state court. Id. at 712.

[3]"Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C.A. § 207(a)(1).

"[W]here the employer's records are inaccurate or inadequate and the employee cannot offer convincing substitutes . . . an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." Etienne v. Inter-County Sec. Corp., 173 F.3d 1372, 1375 (11th Cir. 1999) (quoting Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687 (1946)). In this case, the Defendants are in default. Thus, the Court finds, without objection, that Plaintiff's affidavit is sufficient evidence to show the amount and extent of the work he performed.

Plaintiff calculates that he is owed compensation for unpaid overtime hours in the amount of $1,666.00. Plaintiff's Aff. ¶ 5. It is unclear how Plaintiff came to this amount.[4] Nonetheless, Plaintiff's demand for damages in the amount of $1,666.00, supported by his affidavit and uncontested by Defendant Windor, will be allowed. Plaintiff is also entitled to liquidated damages in the amount of $1,666.00, see 28 U.S.C. § 216.

As to Plaintiff's claim for unpaid wages, although he did not state with specificity the amount owed him in unpaid wages in his complaint, Plaintiff did assert in Count II thereof that Windor owed him unpaid wages. In the affidavit filed in support of the motion for default judgment, Plaintiff avers that his rate of pay was $1,000.00 weekly, and Defendant failed to

---

[4]As set out above, there is a contradiction between the total number of overtime hours Plaintiff asserts he worked and the number of overtime hours Plaintiff asserts he worked per week while employed by Defendant Windor. If Plaintiff was not paid at all for the 200 hours of overtime, he would be owed $7,500.00 ($1000.00 weekly wage ÷ 40 hours x 1.5 x 200). If Plaintiff failed to receive any pay for 176 hours of overtime worked, he would be owed a total of $6,600.00 ($1000.00 weekly wage ÷ 40 hours x 1.5 x 176). If, on the other hand, Plaintiff was paid for 200 hours of overtime work at his regular rate of pay, he would be be owed $2,500.00 ($1000.00 weekly wage ÷ 40 hours x .5 x 200). If Plaintiff was paid for 176 hours of overtime work at his regular rate of pay, he would be owed $2,200.00 ($1000.00 weekly wage ÷ 40 hours x .5 x 176). According to the complaint and Plaintiff's sworn affidavit, he is only owed $1,666.66, which is not reconcilable with the Court's calculations.

pay him his wages for the two week period ending September 28, 2006. Unpaid wages will, therefore, be allowed in the amount of $2,000.00.

Finally, since there is no mention in the complaint of monies due Plaintiff for unpaid expenses related to his employment at Windor, his request for $1,400.00 in reimbursement for unpaid expenses will be denied.

**Attorneys' Fees**

The FLSA provides that "[t]he court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). Calculating an appropriate fee award under federal law involves a two-step process. Norman v. Housing Authority of City of Montgomery, 836 F.2d 1292, 1299-1302 (11th Cir. 1988). The court first calculates the "lodestar" by taking the number of hours reasonably expended on the litigation and multiplying it by a reasonable hourly rate. Id. The court may then adjust the lodestar upward or downward based on an evaluation of the factors articulated in Hensley v. Eckerhart, 461 U.S. 424, 434 (1983), that have not been subsumed in the lodestar calculation. Id.

As the Eleventh Circuit has recognized, "[u]ltimately, the computation of a fee award is necessarily an exercise of judgment[] because 'there is no precise rule or formula for making these determinations.'" Villano v. City of Boynton Beach, 254 F.3d 1302, 1305 (11th Cir. 2001) (citing Hensley v. Eckerhart, 461 U.S. 424, 436 (1983)). The "fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." Webb v. Dyer County Bd. of Educ., 471 U.S. 234, 242 (1985); ACLU v. Barnes, 168 F.3d 423, 427 (11th Cir. 1999) (quoting Norman, 836 F.2d at 1303). Thus, the applicant must

produce satisfactory evidence that the requested rate is within the prevailing market rates and supports the number of hours worked and the rate sought. Hensley, 461 U.S. at 433.

In support of the request for attorney fees, Plaintiff has filed the affidavit of Jay Yenor, a member of the firm retained to represent Plaintiff, and a copy of the hours billed for the case. Attorney Yenor's affidavit, standing alone, is not a sufficient basis for determining the lodestar. "Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work . . . . [S]atisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits. Testimony that a given fee is reasonable is therefore unsatisfactory evidence of market rate." Norman, 836 F.2d at 1299. The Court may, however, use its discretion and expertise to determine the appropriate hourly rate to be applied to an award of attorney's fees. See Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994); Norman, 836 F.2d at 1303; see also Scelta v. Delicatessen Support Servs., Inc., 203 F.Supp.2d 1328, 1331 (M.D.Fla. 2002).

Two attorneys have billed for their services in prosecuting this matter. Konstantine Pantas, a member of the Florida bar since 1993, seeks a rate of $300.00 per hour. He has eleven years litigation experience, the past seven of which have been spent practicing extensively in the area of employment law. Attorney Jay Yenor, a member of the Florida bar since 1992, seeks a rate of $250.00 per hour. He has fourteen years litigation experience. Based on its knowledge of the local legal market, the Court finds that a rate of $250.00 per hour for Pantas and Yenor is consistent with the hourly rates charged and paid in the Central Florida market for an attorney with like experience. See Muller v. Total Protective Services,

Inc., 2007 WL 27295659, *6 (M.D. Fla. Orl. Div.); Reyes v. Falling Star Ent., Inc. 2006 WL 2927553, *3 (M.D. Fla. Orl. Div.).

Plaintiff also seeks compensation for the work of Becki Rodak. Attorney Yenor avers that Ms. Rodak, a trained paralegal, has experience in drafting complaints, discovery, motions, and affidavits.  Plaintiff seeks a rate of $95.00 per hour for Ms. Rodak's services.  The Court finds that, in the absence of an objection, the rate of $95.00 per hour is a reasonable fee for Ms. Rodak's paralegal services. See id. at *3-*4.

The next step in determining the amount that should be allowed for attorney's fees is the ascertainment of reasonable hours. As the Eleventh Circuit noted in Norman, "Hensley teaches that 'excessive, redundant or otherwise unnecessary' hours should be excluded from the amount claimed." Id. at 1301 (citation omitted).  Exercising such billing judgment means that only the hours that would be reasonable to bill a client and, therefore, one's opposing counsel, "irrespective of the skill, reputation or experience" of the lawyer, may be counted. Id.

Having reviewed the Affidavit of Plaintiff's Attorney Fees and Costs (Dkt. 24, Attach.), the Court finds that, with two exceptions, the charges listed therein are reasonable. First, counsel has billed 2.20 hours to perform a "due diligence review, corp. search, asset, conflict, bankruptcy, pending case and prior claims check." Id.  The Court finds the number of hours billed for this task excessive. The Court is of the opinion that .50 hours for this task is reasonable.  The Court likewise takes exception to the billing of 4.7 hours for travel to and from Tampa to attend the hearing on the Motion to Withdraw filed by counsel for Defendant Windor. Although the cause of action arose within the purview of the Tampa Division,

Plaintiff elected to retain the services of an Orlando law firm. The Court concludes that under the circumstances, Defendant Windor should not be taxed with fees incurred as a result of Plaintiff choosing counsel that had to travel to the site of the litigation.

Having made these adjustments, the Courts finds the following fees to be reasonable:

| K.E. Pantas | 5.5 hrs. @ $250.00 = | $1,375.00 |
|---|---|---|
| J. Yenor | 4.1 hrs. @ $250.00 = | 1,025.00 |
| B. Rodak | 2.0 hrs. @ $ 95.00 = | 190.00 |
| Total | | $2,590.00 |

Having calculated the lodestar, the Court must now determine whether this number should be adjusted up or down for the results obtained. See Hensley v. Eckerhart, 461 U.S. at 434 (holding that an upward adjustment might be warranted in a situation where the plaintiff's case succeeds in breaking new ground or making new law furthering important congressional policies). Here, on July 12, 2007, the Court granted Plaintiff leave to file for default if Defendant failed to retain counsel within 30 days.  There was no further activity in the case until September 18, 2007, when the Court entered an order requiring Plaintiff to file a status report.  The following day, Plaintiff filed the motion for default. Here, since Plaintiff's success on his legal claim was purely technical, upward adjustment of the attorneys' fees is not warranted.

Plaintiff requests that attorney fees be calculated on a contingency fee multiplier. It is no longer permissible to enhance for a contingency fee arrangement. See McKenzie v. Cooper, Levins & Pastko, Inc., 990 F.2d 1183, 1186 (11th Cir. 1993) (citing City of Burlington v. Dague, 505 U.S. 557, 565-67 (1992) (holding that "enhancement for contingency is not permitted under the [federal] fee-shifting statutes")). While *Burlington*

concerns a different fee shifting statute than the present case, the Supreme Court states in its opinion that its reasoning of what is a "reasonable fee" applies to all federal fee shifting statutes. 505 U.S. at 562. Since Plaintiff's fee award is made pursuant to the FLSA's fee shifting provision, see 29 U.S.C. § 216, a contingency fee multiplier is not warranted here.

**Costs**

As to Plaintiff's request for costs, the Supreme Court has clarified that, absent specific statutory authorization for recovery of additional expenses, district courts are limited in taxing costs against the losing party in federal litigation by Fed. R. Civ. Proc. 54(d) and 28 U.S.C. § 1920. Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 445 (1987). The Crawford court explained that the discretion given by Rule 54(d) "is solely a power to decline to tax, as costs, the items enumerated in § 1920." Id. at 442. There are six categories of allowable expenses under § 1920: fees of the court clerk and marshal; fees of the court reporter; printing fees and witness fees; copying fees; certain docket fees; and fees of court-appointed experts and interpreters. See Corwin v. Walt Disney Co., 468 F.3d 1329, 1346 (11th Cir. 2006). These are known as recoverable statutory costs. Id. Any expenses beyond recoverable statutory costs or the fees awarded to compensate for an attorney's time must be pursued under 29 U.S.C. § 216(b). Such expenses are known as non-statutory and subsumed within the concept of a reasonable attorney's fees.

A review of the costs Plaintiff requests be taxed against Defendant Windor reveals that he is seeking reimbursement for travel expenses incurred by counsel. Attorney travel is, however, not compensable under § 1920. See Corwin v. Walt Disney Co., 468 F.3d at 1346, and Scelta v. Delicatessen Support Services, Inc., 203 F.Supp.2d 1328, 1339 (M.D.Fla. 2002).

Therefore, the Court will deduct travel expenses from the taxable costs.  Without objection by Defendant Windsor, Plaintiff's allowable costs are as follows:

| | |
|---|---|
| Filing Fee | $350.00 |
| Service of Process | 127.00 |
| Total Costs | $477.00 |

It is therefore ORDERED AND ADJUDGED that:

1. Plaintiffs' Motion for Entry of Final Default Judgment Against Defendant Windor South, Inc. (Dkt. #24) is **GRANTED**.

2. The Clerk is directed to enter final judgment in favor of Plaintiff against Defendant Windor South, Inc. in the total amount of $4,332.00.

3. Plaintiff's request for the award of attorneys' fees and costs is **GRANTED** in the amount of **$2,590.00** in fees and **$477.00** in costs.

**DONE** and **ORDERED** in Tampa, Florida on October 31, 2007.


JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE


**Copies furnished to:**
Counsel/Parties of Record
S:\Odd\2006\06-cv-2181 Default Granted.frm